WITSELL v. NETTLES

(126 S. E., 429)

1. APPEAL AND ERROR—REQUIRING DEFENDANT TO OPEN AND REPLY, HARMLESS WHERE VERDICT WAS DIRECTED.—Action of Court in requiring defendant to open and reply was harmless, where verdict was directed.

2. WITNESSES—MAKER'S TESTIMONY THAT NOTE GIVEN DECEASED WAS ACCOMMODATION NOTE HELD TESTIMONY AS TO TRANSACTION WITH DECEASED.—In administrators' action on note given by defendant to intestate, defendant could not testify that note was merely an accommodation note for which no consideration had been given, such testimony relating to "transaction" with deceased, in violation of Code Civ. Proc., 1922, § 708.

3. BILLS AND NOTES—PETITION HELD TO PLEAD NONNEGOTIABLE NOTE. —Complaint alleging that defendant for valuable consideration, executed and delivered to plaintiffs' intestate his promissory note, whereby he agreed to pay to intestate a specified sum in 90 days, *held* to plead nonnegotiable and not negotiable note.

4. BILLS AND NOTES—NO PRESUMPTION OF CONSIDERATION FOR NON-NEGOTIABLE NOTE.—There is no presumption of consideration for nonnegotiable note.

5. BILLS AND NOTES—CONSIDERATION FOR SEALED NOTE PRESUMED.—Consideration for sealed note is presumed.

6. BILLS AND NOTES—CONSIDERATION FOR NEGOTIABLE NOTE PRESUMED.—Consideration for negotiable note is presumed under the Statute.

Before JOHNSON, J., Charleston, Spring Term, 1924. Reversed and remanded.

Action by John T. Witsell and another as administrators of Andrew A. Kroeg, deceased, against J. K. Nettles. Judgment for plaintiffs and defendant appeals.

*Mr. E. Willoughby Middleton,* for appellant, cites: *Common law of negotiable instruments prior to* 1914: 1 N. & McC., 102; 2 Hill L., 654; 71 S. E., 23; 92 S. E., 367. *Negotiable Instruments Law:* Code 1922, Sec. 3652, Sub-div., 4. *Nonnegotiable note carries no presumption of consideration:* 3 McCord, 195; 42 S. C. L., 446; Code 1922, Sec. 3675. *Testimony of defendant as to consideration should have been admitted:* 33 S. C., 303; 59 S. C., 523; 35 S. C., 206; 38 S. C., 158; 21 S. C., 597; 26 S. C., 106; 106 S. C., 304, Sec. 708; Code of Proc. 1922, does not apply.

*Messrs. Paul M. MacMillan* and *C. W. Waring,* for respondents, cite: *Burden was on defendant to prove lack of consideration:* Sec. 3675, Code 1922. *Testimony not admissible:* Code of Civ. Proc. 1922, Sec. 708.

February 2, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The statement in the case shows:

"This is an action brought in 1923 by the plaintiffs, as administrators of the estate of Andrew A. Kroeg, deceased, to recover on a promissory note given by the defendant to the said Andrew A. Kroeg.

"The complaint alleges: 'That on or about the 18th day of August, 1921, the defendant, J. K. Nettles, for valuable consideration, executed and delivered to Andrew A. Kroeg his promissory note in writing, whereby he agreed to pay to the said Andrew A. Kroeg the sum of five hundred six and 25/100 ($506.25) dollars in 90 days from date of said note.' It then alleges the appointment of the plaintiffs as administrators of the estate of the said Andrew A. Kroeg, demand for payment and failure to pay.

"The answer of the defendant admits the execution and delivery of the note, but denies that any consideration therefor was given, and alleges that the said note was given as an accommodation to the said Kroeg, and that the defendant has never received anything whatsoever from the said Kroeg or any one else as consideration for the said note. The note was not set out in the complaint, nor was it introduced in evidence at the trial.

"The case came on for trial at the Spring term, 1924, before Judge Johnson and a jury. At the trial the presiding Judge ruled that, under the pleadings admitting the execution and delivery of the note, and the presumption of law that such a note was executed for consideration, the defendant should open, requiring the plaintiff to put in no proof whatever. To this ruling the defendant excepted.

"The defendant then took the stand and testified that this note was given to Kroeg as an accommodation to him. The plaintiff objected to this testimony and the objection was sustained. The defendant was then asked whether any consideration was given for the note, to which he replied that none had been given. The plaintiff objected to this testimony and the objection was sustained. The defendant was then asked whether any consideration was given for the note, to which he replied that none had been given. The plaintiffs objected to this testimony and this objection was sustained. The presiding Judge then ruled that the ques-

tion as to whether or not the defendant received any consideration for the note could not be gone into at all, on the ground that to allow such testimony would violate the provisions of Section 708 of the 1922 Code of Procedure. The Court then directed a verdict for the plaintiff.

" 'On the ground that the answer admits the execution and delivery of the note, and the law presumes a consideration therefor, and there is no proof before the Court in support of the special affirmative defense of no consideration. It may be that I am in error in not permitting the witness to testify that he received no consideration for the note, but it was an accommodation note—right there is where your case hangs—but, under my view of the law, I will have to instruct the jury to return a verdict for the plaintiff for the amount demanded in the complaint.' "

The questions raised in the case are:

I. That his Honor erred in requiring the defendant to open and reply. Inasmuch as a verdict was directed no prejudicial error is shown, and this exception cannot be sustained.

II. That the appellant was not permitted to testify that the note was merely an accommodation note, for which no consideration had been given. The appellant admitted that there had been a "transaction," and the only way he could prove that the note was given as an accommodation note, and without consideration, was to testify as to the "transaction." This is clearly forbidden by Section 708 of the Code. This assignment of error cannot be sustained.

III. That his Honor erred in holding that there was a presumption of a consideration. In this his Honor was in error. The record does not show the terms of the note. The allegations of the complaint show only a nonnegotiable note. There is a presumption of a consideration for a sealed note (and under the statute there is a pre-

sumption of a consideration for a negotiable note.. The record does not show either.  *Treadway v. Nicks,* 3 McCord, 195.   "In declaring on contracts not under seal, which do not contain within themselves the acknowledgment of a consideration, or from which a consideration is not implied by law, it is incumbent on plaintiff to set out and prove a consideration."   This exception is sustained.

The judgment is reversed, and a new trial ordered.

MESSRS. JUSTICE COTHRAN and MARION concur.

MR. JUSTICE WATTS dissents.

MR. CHIEF JUSTICE GARY did not participate.